1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  WILLIAM CECIL THORNTON,                    1:11-cv-01120-GBC (PC)

12                    Plaintiff,              ORDER TRANSFERRING CASE TO THE
                                              SOUTHERN  DISTRICT OF CALIFORNIA
13  vs.

14  KAMALA HARRIS, et al.,

15                    Defendants.

16  _____/

17              Plaintiff, a state prisoner proceeding  pro se, has filed a civil rights action pursuant to

18  42 U.S.C.  § 1983.

19              The federal venue statute requires that a civil action, other than one based on diversity

20  jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

21  reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

22  giving rise to the claim occurred, or a substantial part of the property that is the subject of the action

23  is situated, or (3) a judicial district in which any defendant may be found, if there is no district in

24  which the action may otherwise be brought." 28 U.S.C.  §  1391(b).

25        In this case, none of  the defendants reside in  this district.  The claim arose in San Diego

26  County, which is in the Southern District of California.  Therefore, plaintiff's claim should have

27

28

                                        –1–

1   been filed in the United States District Court for the Southern District of California.[1]  In the interest

2   of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.

3   See 28 U.S.C. § 1406(a);  Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

4        Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States

5   District Court for the Southern District of California.

6

7   IT IS SO ORDERED.

8

Dated:    July 11, 2011

9                                                              UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1]  Additionally, it appears that the claims in this action are duplicative of *Thornton v. Schwarzenegger, et al.*, 3:10-cv-01583-RBB (Dismissed June 1, 2011, for failure to state a claim under *Heck v. Humphrey*, 512 U.S. 477 (1994)).